UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA THOMAS, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | )   Case No. 4:21-cv-01102-SRC |
| | ) |
| LOUIS DEJOY, | ) |
| | ) |
| Defendant(s). | ) |

### Memorandum and Order

This matter comes before the Court on the motion of plaintiff Tamara Thomas for leave to proceed in forma pauperis. Upon review of the motion and the financial information submitted in support, the Court concludes that it should grant plaintiff's motion. Additionally, for the reasons discussed below, the Court dismisses plaintiff's claims under the Americans with Disabilities Act of 1990 (ADA) because plaintiff's sole remedy for disability discrimination is under the Rehabilitation Act of 1973. Furthermore, plaintiff's claims of discrimination based on her color, as well as claims of a hostile work environment appear unexhausted. The Court requires plaintiff to show cause why these claims should not be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed a pro se employment discrimination complaint against defendant Louis DeJoy, Postmaster General of the United States. The complaint is on a Court-provided form. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42

U.S.C. § 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.*, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*

Plaintiff was employed by the United States Postal Service as a city carrier in the Wheeler Office in Saint Louis, Missouri. In the complaint, plaintiff indicates that she filed a charge of discrimination with the Postal Service on December 11, 2017, relating to claims of race, color, gender, disability, and age discrimination which purportedly occurred between October 25, 2017, and August 31, 2018. She asserts that in addition to being discriminated against, the Postal Service also failed to accommodate her disability, retaliated against her, and engaged in a hostile work environment.

In her "Statement of Claim," plaintiff asserts:

Discrimination of Employee: management failed to honor my attending physician 4 hr current limited duty work restrictions and tried to force me to work an 8 hr work duty instead. I refused. Management then fraudulently falsified my time, got my OWCP case closed, which I had to work and fight to get reopened due to there [sic] behavior. DOL overrode their negligence. Management abused their power and did not care about outcome or affect [sic] it put on a person. While not getting OWCP compensated.

Disability: Management punished me because I couldn't do other jobs like other employees because of my medical condition.

Race: Other race employees got promoted or even worked without updated restrictions and management never bothered them.

Age: Management often told me I should just retire or go work at Wal-Mart as a greeter. Never got promoted or was able to apply for certain jobs.

Retaliation: Management retaliated against me because of a previous EEO case. Wasn't happy with the outcome.

3

Plaintiff claims that she was not accommodated, per her purported medical restrictions, when the Postal Service rescinded her modified duty assignment on or around October 25, 2017, which forms the backdrop of plaintiff's allegations.

Plaintiff is seeking damages for pain and suffering, emotional distress, damage to her credit, loss of future income, defamation of her character, and loss of her companionship. Plaintiff also seeks compensation for the filing fee in this matter.

## The Decision of the Equal Employment Opportunity Commission

Plaintiff attached to her complaint a copy of a decision from the United States Equal Employment Opportunity Commission (EEOC). A review of the decision from the EEOC indicates that plaintiff had a work-related back injury in 2004. Since that time, she was unable to perform the carrier position, and she was assigned limited light-duty tasks. According to the EEOC decision, from October 26, 2012, to October 4, 2017, plaintiff was assigned to a full-time limited duty capacity within her medical restrictions.

It appears that in September of 2017, plaintiff submitted a Form CA-17 indicating that she could only work four hours per day with certain restrictions. Based on this information, the Postal Service offered plaintiff a modified work assignment on October 5, 2017. However, when the Postal Service forwarded the modified work assignment to the Office of Workers' Compensation Programs (OWCP), the Postal Service was allegedly advised to rescind the modified work assignment and return plaintiff to work full-time, limited duty status because her four-hour restrictions were not accompanied by a notice of recurrence or medical rationale to support a worsening condition. According to the EEOC decision, on October 25, 2017, the Postal Service offered plaintiff a modified assignment. Plaintiff refused the offer.

In December of 2017, plaintiff appears to have made a charge of discrimination relative to the facts as alleged above. She asserted claims of race and gender discrimination, as well as age discrimination and disability discrimination. Plaintiff also alleged a failure to accommodate her disability and "reprisal for prior EEO activity."

As set forth in the EEOC decision, "[a]fter completion of the investigation of the complaint, plaintiff requested a hearing before an Administrative Law Judge but later withdrew the request." The Postal Service issued its final decision concluding that it asserted legitimate, nondiscriminatory reasons for its action. Plaintiff appealed the decision to the EEOC, which found that plaintiff failed to show that she was denied a reasonable accommodation when she was offered a full-time limited job on October 25, 2017. Additionally, plaintiff failed to show that the Postal Service's actions were motivated by unlawful discrimination.

The EEOC rendered its decision on June 7, 2021. The decision provides plaintiff the right to file a civil action in this Court if done within ninety (90) days of receipt of the decision of the EEOC. Plaintiff filed her complaint on September 3, 2021, and it appears timely.

## Discussion

Plaintiff alleges both disability discrimination and a failure to accommodate her disability under the ADA and the Rehabilitation Act. Because the Rehabilitation Act is the sole remedy for disability-discrimination and failure-to-accommodate claims, plaintiff's claims under the ADA are subject to dismissal.

A. **Dismissal of ADA Claim**

Congress enacted the Rehabilitation Act as a comprehensive federal program, similar to the ADA, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding.

5

*Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013).  The Rehabilitation Act provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States. . .shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination. . .by the United States Postal Service."  29 U.S.C. § 794(a).  By its terms, the Rehabilitation Act applies specifically to alleged disability discrimination by the United States Postal Service.  *See* 29 U.S.C. § 794(a).

The Rehabilitation Act and the ADA contain the same basic standards and definitions, and cases interpreting either are applicable and interchangeable.  *Allison v. Dep't of Corrs.*, 94 F.3d 494, 497 (8th Cir. 1996).  However, the Rehabilitation Act "imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff."  *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1029 n.5 (8th Cir. 1999) (emphasis in original).  Furthermore, the ADA does not have a federal funding requirement.  *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006).

As a former federal employee, plaintiff is not allowed to recover separately under the ADA because the ADA specifically defines "employer" to exclude "the United States."  42 U.S.C. § 12111(5); *see* 39 U.S.C. §§ 201, 203 ("There is established, as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service," and the "Postmaster General" is its "chief executive officer").  The Rehabilitation Act, not the ADA, "constitutes the exclusive remedy for a federal employee alleging disability-based discrimination."  *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007); *see Loos v. Napolitano*, 665 F.Supp.2d 1054, 1058 (D. Neb. 2009) (stating that plaintiff's remedy for disability discrimination in her federal employment is the Rehabilitation Act, and that claims

6

under the ADA must be dismissed for failure to state a claim). Because plaintiff can only recover under the Rehabilitation Act, the Court dismisses her ADA claim.

### B. Plaintiff Has Failed to Show She Exhausted Her Administrative Remedies on Her Claims of Discrimination Based on Her Color and a Hostile Work Environment

Plaintiff attached to her complaint an EEOC decision affirming a Final Agency Decision regarding plaintiff's complaint of employment discrimination. The EEOC decision has a right-to-sue provision giving plaintiff ninety (90) days to file a lawsuit. The decision is dated June 7, 2021. Plaintiff filed her complaint within the ninety-day time period. Therefore, it appears that she timely filed this lawsuit. However, it is unclear whether plaintiff has exhausted her administrative remedies with respect to her claims of discrimination due to her color, as well as her claims of a hostile work environment.

A federal employee bringing a lawsuit under Title VII is required to timely exhaust his or her administrative remedies. *See, e.g., Harris v. Gonzales*, 488 F.3d 442, 443 (D.C. Cir. 2007); *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998). Failure to do so will ordinarily bar a judicial remedy. *See Brown v. Marsh,* 777 F.2d 8, 13 (D.C. Cir. 1985); *Rattigan v. Gonzales*, 503 F.Supp.2d 56, 68 (D.D.C. 2007). The employee is first required to contact an EEO counselor, and should the matter remain unresolved after informal counseling, the employee may file a formal discrimination complaint with the agency. *See* 29 C.F.R. § 1614.105; *Bowie v. Ashcroft*, 283 F.Supp.2d 25, 33 (D.D.C. 2003). Employees may not bring a civil action for employment discrimination unless they have first received notice of "final action" taken by the agency, thereby exhausting their administrative remedies. *See* 42 U.S.C. § 2000e-16(c); *Williams v. Dodaro,* 576 F.Supp.2d 72, 82 (D.D.C. 2008). Moreover, the subsequent lawsuit is limited to claims that are "like or reasonably related to the allegations of

7

the charge and growing out of such allegations," so the agency may have fair notice of the claims against it. *Park v. Howard Univ.,* 71 F.3d 904, 907 (D.C. Cir. 1995) (internal citation omitted).

The EEOC decision attached to plaintiff's complaint states that plaintiff's complaint to the Postal Service alleged discrimination in violation of Title VII with regard to her race and gender. She also alleged discrimination based on her age and her purported disability, as well as the failure to accommodate her disability. Plaintiff further alleged "reprisal for prior EEO activity."

Nowhere in the allegations contained in the EEOC decision are there any assertions relating to discrimination based on color, nor are there allegations of a hostile work environment. Numerous courts have held that a plaintiff who only alleges race discrimination in an EEOC complaint has not exhausted a claim for color discrimination. *See Jackson v. Minn. Dep't of Hum. Servs.,* No. 20-cv-0749, 2021 WL1111075, at *6 (D. Minn. Mar. 23, 2021) (collecting cases). "While race discrimination is directed at an individual's membership in a racial group, '[c]olor discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Id.* (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 n.5 (4th Cir. 2002)). Here, the complaint does not allege that the race discrimination was the result of a particular hue of plaintiff's skin as opposed to her race. Doc. 1-1 at p. 3 ("On April 10, 2018, Complainant filed her complaint alleging discrimination based on race (African American), sex (female), age (over 40), disability, and in reprisal for prior EEO activity. . ."). Similarly, discrimination claims in a charge or complaint to a charging agency are not sufficient to exhaust harassment or hostile work

8

environment claims. *See Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 672–73 (8th Cir. 1994) (discrimination claim in administrative charge was not sufficient to exhaust harassment claim).

In light of plaintiff's apparent failure to exhaust these claims, the Court requires plaintiff to show cause why her claims of discrimination based on her color, as well as her claims of a hostile work environment should not be dismissed. Plaintiff must respond to this Order no later than March 11, 2022.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, should the need arise.

**Conclusion**

Accordingly, the Court grants plaintiff's [2] motion for leave to proceed in forma pauperis and denies without prejudice her [3] motion to appoint counsel.  The Court dismisses plaintiff's Americans with Disabilities Act claim without prejudice and certifies that an appeal from this partial dismissal would not be taken in good faith.  Finally, plaintiff must, no later than March 11, 2022, show cause in writing why her color-discrimination and hostile-work-environment claims should not be dismissed for failure to exhaust administrative remedies.  Failure to timely comply with this order will result in the dismissal of plaintiff's color-discrimination and hostile-work-environment claims without prejudice and without further notice.

Dated this 18th day of February 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE