UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA THOMAS, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01102-SRC |
| | ) |
| LOUIS DEJOY, | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter comes before the Court on Thomas's failure to respond to the Court's February 18, 2022, Order to Show Cause. Because Thomas failed to exhaust her claims of employment discrimination based on color, as well as her claims of a hostile work environment, the Court dismisses these claims without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*,

820 F.3d 958, 964 (8thCir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in the complaint as true, but need not "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts  need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Thomas filed this case on September 3, 2021, against defendant Louis DeJoy, Postmaster General of the United States.  Thomas brought her action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 et seq., the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq., and the Rehabilitation Act of 1973 (RA), 29 U.S.C. §§ 701, et seq.

In her complaint, Thomas brings claims of race, color, gender, disability, and age discrimination which allegedly occurred between October 25, 2017, and August 31, 2018, while Thomas worked as a city carrier in the Wheeler Post Office in St. Louis, Missouri.  Thomas also asserts that, in addition to being discriminated against, the Postal Service failed to accommodate her disability, retaliated against her, and created a hostile work environment.

Because Thomas sought leave to proceed in forma pauperis in this action, the Court initially reviewed her complaint on February 18, 2022, for frivolousness, maliciousness, and for failure to state a claim.  *See* 28 U.S.C. § 1915.  The Court dismissed Thomas's claims under the ADA because the Rehabilitation Act is the sole remedy for disability-discrimination and failure-to-accommodate claims under any program or activity receiving Federal financial assistance. Additionally, after comparing Thomas's complaint to a copy of the Final Agency Decision from the United States Equal Employment Opportunity Commission (EEOC), the Court noted that it appeared that plaintiff had failed to exhaust her claims of discrimination based on her color, as well as her hostile-work-environment claims. Accordingly, on February 18, 2022, the Court ordered Thomas to show cause, no later than March 11, 2022, why her color-discrimination and hostile-work-environment claims should not be dismissed from this action.  As of March 24, 2022, Thomas had not responded to the Order to Show Cause.

## Discussion

Thomas attached to her complaint an EEOC decision affirming a Final Agency Decision regarding plaintiff's complaints of employment discrimination.  However, the decision does not mention any claims of discrimination due to Thomas's color or hostile-work-environment claims.

A federal employee bringing a lawsuit under Title VII must timely exhaust her administrative remedies.  *See, e.g.*, *Harris v. Gonzales*, 488 F.3d 442, 443 (D.C. Cir. 2007); *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998).  Failure to do so will ordinarily bar a judicial remedy.  *See Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985); *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 68 (D.D.C. 2007).  The employee is first required to contact an EEO counselor, and should the matter remain unresolved after informal counseling, the employee may file a formal discrimination complaint with the agency.  *See* 29 C.F.R. § 1614.105; *Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 33 (D.D.C. 2003).  Employees may not bring a civil action for employment discrimination unless they have first received notice of "final action" taken by the agency, thereby exhausting their administrative remedies.  *See* 42 U.S.C. § 2000e-16(c); *Williams v. Dodaro,* 576 F. Supp. 2d 72, 82 (D.D.C. 2008).  Moreover, the subsequent lawsuit is limited to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations," so the agency may have fair notice of the claims against it.  *Park v. Howard Univ.,* 71 F.3d 904, 907 (D.C. Cir. 1995) (internal citation omitted).

The EEOC decision attached to plaintiff's complaint states that plaintiff's complaint to the Postal Service alleged discrimination in violation of Title VII with regard to her race and gender.  She also alleged discrimination based on her age and her purported disability, as well as the failure to accommodate her disability.  Plaintiff further alleged "reprisal for prior EEO activity."  Nowhere in the allegations contained in the EEOC decision are there any assertions relating to discrimination based on color, nor are there allegations of a hostile work environment.

Numerous courts have held that a plaintiff who only alleges race discrimination in an EEOC complaint has not exhausted a claim for color discrimination.  *See Jackson v. Minn. Dep't*

4

*of Hum. Servs.,* No. 20-cv-0749, 2021 WL1111075, at *6 (D. Minn. Mar. 23, 2021) (collecting cases). "While race discrimination is directed at an individual's membership in a racial group, '[c]olor discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Id.* (quoting *Bryant v. Bell Atl. Md., Inc.,* 288 F.3d 124, 132 n.5 (4th Cir. 2002)). Here, the complaint does not allege that the race discrimination was the result of a particular hue of plaintiff's skin as opposed to her race. Doc. 1-1 at p. 3 ("On April 10, 2018, Complainant filed her complaint alleging discrimination based on raced (African American), sex (female), age (over 40), disability, and in reprisal for prior EEO activity. . ."). Similarly, discrimination claims in a charge or complaint to a charging agency are not sufficient to exhaust harassment or hostile-work-environment claims. *See Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 672–73 (8th Cir. 1994) (discrimination claim in administrative charge was not sufficient to exhaust harassment claim). Thus, Thomas has failed to exhaust her administrative remedies regarding her color-discrimination and hostile-work-environment claims.

      As noted above, the Court provided plaintiff with time to show that she properly exhausted her administrative remedies with respect to her claims of discrimination based on her color, as well as her hostile-work-environment claims. She could have provided the Court with a copy of her original discrimination charge showing that she gave the Postal Service notice of her claims of discrimination based on her color and an alleged hostile work environment. Similarly, plaintiff could have provided an explanation to the Court of what she argued to the EEOC regarding her allegations. Plaintiff has failed to do so. Thus, the Court dismisses Thomas's

5

claims of discrimination based on color, as well as her claims of hostile work environment for failure to exhaust administrative remedies regarding those claims.

However, the Court issues process against Louis DeJoy on Thomas's remaining claims: claims of race and gender discrimination, as well as retaliation, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., claims of age discrimination pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 et seq., and claims of disability discrimination, as well as failure to accommodate her disability, under the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 701, et seq.  In accord with Federal Rule of Civil Procedure 4(i), the United States Marshals Service will serve the Postmaster General.

## Conclusion

Accordingly, the Court dismisses without prejudice Thomas's color-discrimination and hostile-work-environment claims pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate Order of Partial Dismissal accompanies this order, and the Court certifies that an appeal from the Order of Partial Dismissal would not be taken in good faith.  Further, the Court orders the Clerk of Court to issue process on:  defendant Louis DeJoy, Postmaster General of the United States, 475 L'Enfant Plaza SW, Washington, D.C. 20260-3100; Merrick B. Garland, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001; and Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, Room 20.333, St. Louis, MO 63102.

So Ordered this 24th day of March 2022.

                                        STEPHEN R. CLARK
                                        UNITED STATES DISTRICT JUDGE